UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOVE,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. KIM, et al.,<br><br>    Defendants. | 1:05-CV-0534-AWI-DLB-P<br><br>ORDER GRANTING EXTENSION OF TIME<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(DOCUMENT #15) |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On February 9, 2006, plaintiff filed a motion to extend time to file an amended complaint. Good cause having been presented to the court and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that:

Plaintiff is granted thirty days from the date of service of this order in which to file an amended complaint.

Plaintiff also requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 109 S.Ct. 1814 (1989).

In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Without a reasonable method of securing and

compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel must be denied.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   February 13, 2006                              /s/ Dennis L. Beck
3c0hj8                                         UNITED STATES MAGISTRATE JUDGE