UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD A. LOVE, | ) | CV F- 05-0534 AWI DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION RE |
| v. | ) | DISMISSAL OF ACTION |
| | ) | |
| DR. KIM, et.al., | ) | **OBJECTIONS DUE MAY 10, 2007** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1   Plaintiff names Dr. Kim, Dr. Ismail, Dr. O'Brian and Dr. Capot as defendants in this action.
2  Plaintiff alleges that Dr. Kim failed to diagnose his symptoms of illness on December 9, 2003 and
3  August 12, 2004.  Plaintiff alleges that Dr. Ismail failed to competently treat his Hepatitis condition
4  and Dr. O'Brian failed to prescribe proper medication.  Plaintiff also alleges that Dr. Capot was
5  negligent in supervising his staff.

6   Plaintiff's allegations are once again insufficient to state cognizable claims for relief under
7  section 1983 against the named defendants.

8   As plaintiff was previously informed, a prisoner's claim of inadequate medical care does not
9  constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate
10 indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate
11 indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation
12 must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994)
13 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a
14 "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct
15 undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837.  A prison
16 official does not act in a deliberately indifferent manner unless the official "knows of and disregards
17 an excessive risk to inmate health or safety." Id.

18  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's
19 civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere
20 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton
21 v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A]
22 complaint that a physician has been negligent in diagnosing or treating a medical condition does not
23 state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does
24 not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,
25 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);
26 McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,
27 Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to
28

1  establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d
2  1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not
3  support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).
4       Deliberate indifference can be manifested by prison guards intentionally denying or delaying
5  access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v.
6  Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical
7  treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d
8  1050, 1060 (9th Cir.  1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133,
9  1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
10 1985).
11      Although neither a physician's negligence nor a prisoner's disagreement with a particular
12 course of treatment states a claim for deliberate indifference, a prison medical staff's acts or
13 omissions will constitute deliberate indifference if staff members knew of and disregarded an
14 excessive risk to an inmate's health.  Farmer v. Brennan, 511 U.S. at 837.  Prison officials are
15 deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment
16 once prescribed." Estelle v. Gamble, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate
17 indifference where prison officials "deliberately ignore the express orders of a prisoner's prior
18 physician for reasons unrelated to the medical needs of the prisoner." Hamilton v. Endell, 981 F.2d
19 1062, 1066 (9th Cir. 1992)(reversing summary judgment where prison officials forced prisoner to
20 endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's
21 previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989)(per
22 curium)(reversing summary judgment where medical staff knew that pretrial detainee had head
23 injury, but prescribed contraindicated medications, disregarding evidence of complications to which
24 they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th
25 Cir. 1970)(finding cognizable claim for deliberate indifference where warden refused to authorize
26 prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v.
27 Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)(where surgery recommended by prisoner's prior
28

Case 1:05-cv-00534-AWI-DLB   Document 18   Filed 04/10/07   Page 4 of 4

physician was severely delayed, court was unable hold doctors liable because prison administrators, not the doctors, were responsible for scheduling treatment).

The conduct described in plaintiff's amended complaint, as his original complaint, does not rise to the level of deliberate indifference to a serious medical need. At most, plaintiff alleges negligence. Plaintiff also describes his disagreement with the doctors' treatment of him, which as discussed, does not state a constitutional claim. It is apparent that plaintiff has been seen and treated by defendant doctors, he just does not agree with the treatment he has been given. The constitution protects inmates from deliberate indifference to their serious medical needs, it does not guarantee or require that a prisoner be given optimal medical treatment. v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court finds that plaintiff has failed to state any cognizable claims for relief against the named defendants and therefore recommends that the amended complaint filed March 20, 2006 be dismissed in its entirety. The Court does not recommend that leave to amend be granted in that plaintiff was granted leave to amend and was unable to cure the deficiencies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before May 10, 2007, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 9, 2007**        /s/ **Dennis L. Beck**
3c0hj8                          UNITED STATES MAGISTRATE JUDGE

E. D. California

4